865 F.2d 1256
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Vincent BEAL, Petitioner-Appellant,
v.
K.L. SETZER; Attorney General of the State of North
Carolina, Respondents- Appellees.
 No. 87-6589.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 4, 1988.
Decided: Jan. 4, 1989.
 
 Edward T. Hinson, Jr. (James, McElroy & Diehl, P.A., on brief), for appellant.
 Barry Steven McNeill, Assistant Attorney General (Lacy H. Thornburg, Attorney General, Department of Justice, on brief), for appellees.
 Before K.K. HALL and JAMES DICKSON PHILLIPS, Circuit Judges, and DENNIS R. KNAPP, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 John Vincent Beal, a North Carolina inmate, seeks to appeal the district court's denial of his petition for a writ of habeas corpus brought under 28 U.S.C. Sec. 2254. Beal challenges his conviction for first degree murder on the grounds of ineffective assistance of counsel and prosecutorial misconduct. For the reasons set forth below, we affirm the district court.
 
 I.
 
 2
 The state's evidence at trial showed that on the evening of May 14, 1982, seventeen-year-old Jodie Abernathy met Beal at a party and agreed to give him a ride home. Late that night, Jim Price, Beal's friend and neighbor, saw a car with no lights on pass his house heading toward Beal's trailer. Beal waved to him from the passenger side of the car. Some time later, Price saw the car pass his house again going toward the main road. Abernathy's car was found shortly after midnight, abandoned about three miles from Beal's trailer. Several days later, Abernathy's charred and decomposed body was found wrapped in a plastic sheet and covered with leaves in a gully near Beal's trailer. Portions of her remains were also found in a barrel next to Beal's trailer which was used to burn trash.
 
 
 3
 At trial, Beal admitted that he struck Abernathy. He testified that when he hit her, Abernathy fell, hit the steps of the trailer, and lost consciousness. Beal further testified that he set out in Abernathy's car to get help but went "blank" and drove around aimlessly, then abandoned the car and walked back to his trailer. Beal further testified that, in panic, he burned Abernathy's body, and when it did not burn completely, he wrapped what was left of the body in plastic, took it to a gully, and covered it with leaves.
 
 
 4
 Two prosecution witnesses testified that Beal had given each of them an account of his actions. The versions given by these two witnesses differed, but in both, Beal admitted hitting Abernathy and admitted that she fell and hit her head. One witness testified that Beal told him he hit Abernathy's head against the steps a second time after she fell. The state's medical expert testified that Abernathy had died of a blunt force injury and that death was caused by more than one blow. He did not have an opinion as to whether Abernathy was dead at the time her body was burned. However, another witness who lived near Beal's trailer, testified that she heard "an awful moaning sound" three or four times shortly before midnight. The sounds were coming from the general direction of the defendant's trailer. Based upon the above evidence, the jury found Beal guilty of murder in the first degree.[1]
 
 II.
 
 5
 Beal claims that the prosecutor denied him a fair trial by asking highly inflammatory questions and by making improper comments during closing arguments. He admits at the outset that his attorneys procedurally defaulted his claim of prosecutorial misconduct by failing to object at trial and by failing to assign the misconduct as error on direct appeal. N.C.Gen.Stat. Sec. 15A-1419(a)(3). Appellant concedes that his claim is barred absent a showing of cause for the procedural default and some resulting prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977). Beal asserts his counsel's ineffectiveness as cause for the procedural defect. See Murray v. Carrier, 477 U.S. 478 (1986).
 
 
 6
 The standard for judging an ineffective assistance of counsel claim was set out in Strickland v. Washington, 466 U.S. 668 (1984), where the Court established a two-prong test. First, the defendant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, he must establish that the deficient performance prejudiced the defense to the extent that he was deprived of a fair trial. In other words, to prevail on his ineffectiveness claim, Beal must show that his attorneys' actions were professionally unreasonable and that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the trial would have been different.
 
 
 7
 Beal contends that his counsel was deficient in failing to object to questions put to him by the prosecutor on cross-examination. He argues that his attorneys should have objected to questions about the rape charges behind his Alabama youthful offender adjudication, about the Soldier of Fortune magazines found in his trailer, and about his sex habits. Beal also claims that his attorneys were deficient in failing to object to comments made by the prosecutor during closing arguments that Beal had already committed one rape in Alabama, that he had raped Abernathy and killed her to keep her from telling, and that he read Soldier of Fortune magazines to learn how to dispose of bodies.
 
 
 8
 The record indicates that defense counsel made several timely objections during the course of the cross-examination. Undoubtedly, counsel could have made other objections. However, the testimony Beal sought to exclude was all arguably admissible and was, in addition, relevant to the motive advanced by the prosecution for the killing. The failure to object more often may have been less than prudent, but it was not professionally unreasonable. Although defense counsel did not object to the prosecutor's remarks made during closing arguments, attorneys have no obligation to object to each and every potentially objectionable comment. Failing to object is often a tactical and wise decision made to avoid calling special attention to the remarks. We think that was the case here.
 
 
 9
 Further, Beal has failed to show how he was prejudiced by the absence of additional objections by his counsel. Even though some of the prosecutor's questions and remarks may have been improper, there is no reasonable probability that the outcome of the trial would have been different had counsel objected to them, in light of the overwhelming evidence presented by the state. Beal has, therefore, failed to establish prejudice under Strickland. Having failed to prove ineffective assistance of counsel, Beal has failed to show cause for the procedural default under Wainwright v. Sykes, supra.
 
 
 10
 Accordingly, we affirm the district court.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Beal was originally sentenced to death. However, the North Carolina Supreme Court overturned the death sentence, finding that the jury improperly had been allowed to consider Beal's prior youthful offender adjudication in Alabama as an aggravating circumstance under N.C.Gen.Stat. Sec. 15A-2000. See State v. Beal, 311 N.C. 555, 319 S.E.2d 557 (1984)